## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00227-MSK-MJW

SANDRA GONZALES;
YVETTE QUINTANA;
GERALDINE BRADLEY;
TINA GURULE;
JUSTIN ARMIJO;
ELOY HERRERA;
SAMUEL VALDEZ;
DEBORAH RUGG;
LAURA WOLFF;
ANDY ROMERO;
ISAIAH SILVA;
ROBERT WOLFF;
APRIL DOMINGUEZ;
JACK CARL CLARK;
JULIANA RUIZ;
TANYA RUYBAL;
DESIDERIE ROMERO;
ROXANN MARTINEZ;
NICOLE VASQUEZ; and
MARTIN GRACIA, individually and on behalf of others similarly situated,

Plaintiffs,

v.

PESTER MARKETING COMPANY, an Iowa corporation,

Defendant.

_____

## RECOMMENDATION GRANTING AMENDED JOINT MOTION FOR CONDITIONAL CERTIFICATION OF SETTLEMENT COLLECTIVE AND CLASS ACTION, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND APPROVAL OF NOTICE PLAN

## (DOCKET NO. 55)

_____

**AND**

**RECOMMENDATION THAT PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF CONDITIONAL CERTIFICATION AND JUDICAL NOTICE (DOCKET NO. 29) BE HELD IN ABEYANCE UNTIL AFTER JUDGE KRIEGER ENTERS A FINAL ORDER ON RECOMMENDATINON CONCERNING DOCKET NO. 55**

This matter was before the court on September 29, 2011, for hearing on the Amended Joint Motion for Conditional Certification of Settlement Collective and Class Action, Appointment of Class Counsel, Preliminary Approval of Settlement Agreement, and Approval of Notice Plan, and Amended Brief in Support (Doc. Nos. 55 & 56) (the "Joint Motion"). The Plaintiffs except for Plaintiff Robert Wolff, who is now pro se, were represented by Attorney J. Kyle Bachus. The Defendant was represented by Attorney Jennifer L. Gokenbach. The court reviewed the subject motion, and there have been no written responses filed in opposition. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

FINDINGS OF FACT, CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties to the lawsuit.

2.    That venue is proper in the state and District of Colorado.

3.    That each party has been given a fair and adequate opportunity to be heard.

2

4.    That Pro Se Plaintiff Robert Wolff did not appear at this hearing and did not file any response to the subject motion even though he was given notice of this hearing at his last known address.

RECOMMENDATION

1.  The Settlement Agreement is incorporated fully herein by reference.  The definitions used in the Settlement Agreement are adopted for use herein.

2.  The recommendation is based on federal common and statutory law, including 29 U.S.C. § 216(b), Rule 23, Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and the ANNOTATED MANUAL FOR COMPLEX LITIGATION – FOURTH (2005).

3.  The proposed Settlement Class defined in the Settlement Agreement and restated below is appropriate for conditional certification, for settlement purposes.  All of the federal statutory prerequisites, as well as due process, are satisfied by certification for settlement purposes.  Specifically, the requirements of 29 U.S.C. § 216(b), requiring that the class is "similarly situated," and the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, adequacy, predominance, and superiority, are satisfied.

4.  The Settlement Class is numerous, including an estimated 80 geographically dispersed plaintiffs with respect to whom joinder is not practical.  Common issues exist and predominate as the Settlement Class, including for example and most fundamentally, whether Defendant unlawfully failed to compensate Plaintiffs for

3

overtime worked.   The Settlement Class representatives are adequate, having vigorously prosecuted the underlying related actions and having retained adequate counsel.   In addition, the claims of the Settlement Class representative are typical, in that they arise out of the same facts and circumstances and give rise to the same legal claims as do the claims of all Class Members.   The matter, as postured for a settlement class, is manageable.   In short, certification of this Settlement Class will serve the interests of equity and judicial economy.

5.  The Settlement Class is similarly situated.   Plaintiffs uniformly argue that they were uniformly subject to a single policy which required them to work "off-the-clock."

6.  This Court has been advised by counsel for the aforesaid Parties that the Settlement Agreement has been reached between the Plaintiffs as defined in the Settlement Agreement and the Settling Defendant.

7.  The forms of class action Notice, and the Claim form, attached to the Settlement Agreement as Exhibits A and B, are constitutionally adequate, and should be approved.   The Notice contains all of the essential elements necessary to satisfy federal statutory requirements and due process, including:   the nature of the action; Class definition; the class claims, issues or defenses; the identities of the Parties and their counsel; the fact that a Class Member may appear through counsel; a summary of the terms of the proposed Settlement and of class counsel's intent to apply for fees; information regarding the manner in which objections may be submitted and requests for exclusion may be filed; and the binding effect of a class judgment on Class Members. The Notice would also inform Class members of the date and location of a

4

final fairness hearing and of Claims filing deadlines and procedures. Notice by mail to the Class will be effected by a qualified Notice and Claims Administrator. Settlement Payments will be administered by a qualified Notice and Claims Administrator.

8.  This Court recommends that the Notice Plan be approved as described in the Settlement Agreement and the joint motion for preliminary approval as the best means practicable of providing notice under the circumstances.  The Court recommends that Notice be provided in accordance with the Settlement Agreement. The Notice will list the objection and exclusion deadline as November 15, 2011, and the Claim Form filing deadline as December 15, 2011.  To be timely, objections, exclusion requests, and Claim Forms must be post-marked and mailed by the above-listed deadlines.  The final fairness hearing should be scheduled by Judge Krieger.

9.  Any Class Member who files and serves a written objection to the Settlement Agreement should be permitted to appear at the final fairness hearing, either in person or through counsel hired at the Class Member's expense.  If a Class Member (or his or her attorney) wishes to appear and speak at the final hearing, the Class Member (or his or her attorney) should be required by a date certain to:  (a) file an original Notice of Intention to Appear with the Clerk of the Court, and (b) deliver to Class Counsel and the Settlement Defendant's counsel a copy of the Notice of Intention to Appear.

10. The Notice by mail set forth in the Settlement Agreement is supplemented as indicated in the Settlement Agreement, as well as by the establishment by the Notice and Claims Administrator of a toll-free telephone number.  All of the foregoing

Notice by mail and toll-free telephone number satisfy due process and all requirements of federal law, and constitute the best practical notice under the circumstances of the case. The Notice Plan should be approved and its implementation, pursuant to the Settlement Agreement, should be ordered.

11. The Court has reviewed the Settlement proposed by the Parties and finds that it is without obvious deficiencies and that it is sufficiently fair, adequate, and reasonable to warrant providing Notice to the Class of its terms. The proposed Settlement Agreement between Plaintiffs and Settling Defendant should thus be preliminarily approved as sufficiently fair and reasonable to warrant providing notice to the Class of its terms. Dismissal pursuant to the Settlement Agreement is preliminarily appropriate under Rule 23(e) of the Federal Rules of Civil Procedure.

12. The Settlement appears to have been the product of arm's-length negotiation and to have been made in good faith.

13. The Court should certify the following Settlement Class on an opt-in basis for the purposes of Plaintiffs' alleged FLSA claim: all Cashiers and Assistant Managers who worked at the 1st Stop in La Jara, Colorado, for at least thirty (30) days, and who worked one or more workweeks consisting of at least thirty-eight (38) hours during the period from January 28, 2008, to October 13, 2010.

14. The Court should certify the following Settlement Class on a voluntary (*i.e.*, opt-out) basis: all Cashiers and Assistant Managers who worked at the 1st Stop in La Jara, Colorado, for at least thirty (30) days, and who worked one or more workweeks

consisting of at least thirty-eight (38) hours during the period from January 28, 2008, to October 13, 2010.

15. The Court recommends the appointment of the following Class Counsel to represent the Class Members in this litigation: J. Kyle Bachus, Esq., and J. Christopher Elliott, Esq., Bachus & Schanker, LLC. In appointing Class Counsel, the Court considered the work counsel has done in investigating and prosecuting the underlying claims, as well as counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and counsel's ability to commit the resources necessary to adequately represent the Class.

16. The Court recommends that Sandra Gonzales, Yvette Quintana, Geraldine Bradley, Tina Gurule, Justin Armijo, Eloy Herrera, Samuel Valdez, Deborah Rugg, Laura Wolff, Andy Romero, Isiah Silva, April Dominguez, Jack Carl Clark, Juliana Ruiz, Tanya Ruybal, Desiderie Romero, Roxann Martinez, Nicole Vasquez, and Martin Gracia be appointed as the Settlement Class Representatives.

17. The Court recommends that the Notice and Claims Administrator should be Class Action Administration, Inc.

18. The Settlement Agreement is not and should not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations contained in the Complaint, or any other pleadings, and the evidence thereof should not be used directly or indirectly, in any way, whether in the action or in any other action or proceeding. The settling Defendant's stipulation to certification of the Settlement

7

Class should not have any bearing on or be admissible as evidence regarding the appropriateness of class certification or any other issue of fact or law for litigation purposes.

19. The final fairness hearing date and all other dates provided for herein and set by Judge Krieger may, from time to time and without further notice to the class, be continued or adjourned by order of the Court.

20. Finally, the court recommends that Plaintiffs' Motion and Memorandum in Support of Conditional Certification and Judicial Notice (docket no. 29) be held in abeyance until after Judge Krieger enters a final order on this recommendation. If Judge Krieger approves this recommendation and makes such recommendation an Order of Court then docket no. 29 will be moot. If Judge Krieger rejects this recommendation, then docket no. 29 becomes ripe for ruling.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72 (b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, _Thomas v. Arn_, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. _Makin v. Colorado Dep't of Corrections_, 183 F.3d 1205, 1210 (10th Cir. 1999); _Talley v. Hesse_, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 30th day of September, 2011.

BY THE COURT:


S/Michael J. Watanabe

_____
Michael J. Watanabe
United States Magistrate Judge